IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01230-BNB

FRANCISCO TORRES-VILLA,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp, Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 2 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant Francisco Torres-Villa is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Torres-Villa initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on June 9, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On June 29, 2009, Respondent filed a Preliminary Response to Petition for Writ of Habeas Corpus. Mr. Torres-Villa has failed to file a Reply within the time allowed.

The Court must construe liberally the pleadings filed by Mr. Torres-Villa because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Torres-Villa first claims that prison officials at the Florence Prison Camp categorically are denying the review and transfer of eligible inmates to a Community Corrections Center (CCC) in violation of 18 U.S.C. § 3621(b). According to Mr. Torres-Villa, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. Mr. Torres-Villa alleges that he has sought and been denied consideration for a transfer to a CCC. (Application at 6.)[1]

Mr. Torres-Villa also claims that prison officials at the Florence Prison Camp categorically are denying eligible pre-release inmates more than six months in a Residential Re-entry Center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. Torres-Villa describes a "pre-release inmate" as an inmate with twelve months or less of his sentence remaining to be served. Mr. Torres-Villa contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months.

Also in a pleading filed with the Court on June 17, 2009, Mr. Torres-Villa asserts that he is challenging the validity and not the application of the BOP regulations, policies, and procedures.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is

---

[1] Page numbers referred to in citations to documents filed in this case are the page numbers identified by the Court's Electronic Court Filing system.

satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Torres-Villa. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13–542.15.

According to Respondent, Mr. Torres-Villa has not filed any administrative remedies while he has been incarcerated and has not raised nor discussed the issue of RRC placement with his case manager. (Prelim. Resp., Montoya Decl. at 3.)

Mr. Torres-Villa argues, however, that exhaustion of administrative remedies would be futile because the BOP, through official policies and procedures, has predetermined the issues to be raised in the administrative proceedings. Mr. Torres-Villa is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Torres-Villa fails to convince the Court that exhaustion of administrative remedies would be futile based on his argument that the BOP has predetermined the issues he is raising.

3

In support of his futility argument, Mr. Torres-Villa also refers to two BOP memoranda that were filed in *Bassinger v. Wiley*, No. 09-cv-00005-PAB-KLW, Doc. # 15 (D. Colo. filed Jan. 5, 2009). Both memoranda are addressed to chief executive officers and are signed by two BOP officials, the assistant director of the Correctional Programs Division and the assistant director/general counsel. Mr. Torres-Villa apparently believes that both memoranda support his contention that the BOP has predetermined the issues he is raising.

The first memorandum, dated November 14, 2008, relates to inmate requests for transfers to CCCs, which, according to a footnote in the November 14 memorandum, are synonymous with RRCs. *Bassinger*, Doc. #15 at Ex. A-2 and A-5. The November 14 "memorandum provides guidance to [BOP] staff for considering and responding to inmate requests for transfer to [ ] RRCs, when more than 12-months remain from their projected release date" and states that "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence." *Bassinger*, at Ex. A-5. The November 14 memorandum further states that "inmate requests for RRC placements must receive individualized consideration." Ex. A-5.

The second memorandum, dated April 14, 2008, relates to pre-release RRC placements following the Second Chance Act of 2007. The April 14 memorandum recognizes that the maximum pre-release RRC placement is twelve months. While the April 14 memorandum also states that "Bureau experience reflects inmates' prerelease RRC needs can usually be accommodated by a placement of six months or less"

4

***Bassinger*** at Ex. A-2, nothing in the April 14 memorandum restricts pre-release RRC placements to a maximum of six months.

Contrary to Mr. Torres-Villa's belief, these two memoranda do not preclude the relief he seeks from the BOP. In fact, these two memoranda support Mr. Torres-Villa's arguments that inmates are eligible to be transferred to an RRC at any time and that the maximum length of a pre-release placement in an RRC is twelve months. Mr. Torres-Villa does not identify any official BOP policies that contradict these two memoranda. His reliance on the memoranda for his futility argument, therefore, lacks merit.

Mr. Torres-Villa also appears to argue that exhaustion would be futile because the BOP is following regulations that previously were invalidated by a decision of the United States Court of Appeals for the Tenth Circuit. ***See Wedelstedt v. Wiley***, 477 F.3d 1160 (10th Cir. 2007). To the extent the futility argument is premised on the Tenth Circuit's decision in ***Wedelstedt***, the argument lacks merit because the BOP has adopted new regulations. ***See*** 73 Fed. Reg. 62,440–43 (Oct. 21, 2008) (publishing interim rule that implements provisions of the Second Chance Act of 2007 and amends 28 C.F.R. §§ 570.20–570-22).

Even if prison officials at the Florence Prison Camp, where Mr. Torres-Villa is incarcerated, categorically are denying RRC placements for inmates with more than twelve months remaining on their sentences and RRC placements for no longer than six months, Mr. Torres-Villa's argument does not support a conclusion that exhaustion

of administrative remedies would be futile. Mr. Torres-Villa is able to appeal any institution decision to both the regional and to the national BOP offices.

The Court also notes Mr. Torres-Villa argues that exhaustion is futile because he will not be able to be placed at an RRC for a full twelve months under pre-release conditions. In accordance with the memorandum issued on April 14, 2008, *Bassinger*, Ex. A-2, Mr. Torres-Villa is able to apply for pre-release an RRC placement seventeen to nineteen months prior to his projected release, but he does not assert that he has sought pre-release placement and has been denied. Mr. Torres-Villa may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Respondent also asserts that Mr. Torres-Villa is scheduled for a program review in December 2009, at which time he may request a transfer to an RRC. (Prelim. Resp. at 3-4.)

Mr. Torres-Villa also argues that exhaustion is futile because he will not serve any of his sentence at an RRC prior to the pre-release time frame of twelve months. As stated above, Respondent asserts that Mr. Torres-Villa has not discussed RRC placement with his case manager and has not filed any administrative remedies requests with respect to such a placement. Again, Mr. Torres-Villa may not exhaust his administrative remedies simply by failing to employ them.

As for Mr. Torres-Villa's claim that he simply is attacking the validity of BOP regulations, policies, and procedures, he may not raise his claims in this habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release

6

from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Therefore, Mr. Torres-Villa is able to challenge the BOP policies and procedures in question in this habeas corpus action only if those policies and procedures somehow impact the length of his custody.

For the above-stated reasons, the Court finds that Mr. Torres-Villa fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 11 day of Aug., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01230-BNB

Francisco Torres-Villa
Reg No. 26633-208
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/12/09

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                        Deputy Clerk